FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 OCT 24  PM 3: 26

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ABDUL S. KHAN AND<br>HAJERA T. KHAN | * CIVIL ACTION<br>*<br>* |
| VERSUS | * CASE NO. **07-7272**<br>* |
| SHERIFF HARRY LEE, DPY.<br>TIM STIERWALD, DPY. JOHN<br>OBRIEN, SGT. ASHCROFT, DPY.<br>S. TRAPANI, DPY. R. MARX, DPY.<br>J. HECK, DPY. D. DIONDOLILLO,<br>DPY. J. ALVARADO, DPY. R. DYKES,<br>DPY. K. RICHARDSON, DPY. S.<br>HARTLEY, DPY. R. MILES, AND<br>XYZ INSURANCE COMPANY | *<br>* SECTION/JUDGE:<br>*<br>* **SECT. A MAG. 3**<br>* MAGISTRATE:<br>*<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*   \*

## COMPLAINT

The complaint of Abdul S. Khan and Hajera T. Khan, individually and on behalf of the decedent, Nayeem Khan, persons of the full age of majority and resident domiciliaries of the Eastern District of Louisiana, through undersigned counsel, respectfully represents to the Court that:

1.

This action arises under the Constitution of the United States, particularly, the Eighth and Fourteenth Amendments, and under 42 U.S.C. 1983, all as will be more fully detailed below. The jurisdiction of the Court is based on 28 U.S.C. 1331 and/or 28 U.S.C. 1346, in that a federal question arises under the facts set forth herein. The Court has further jurisdiction over any and all pendant state law claims pursuant to the Court's supplemental jurisdiction under 28 U.S.C. 1367.

```
___ Fee____350.___
_✓_ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____
```

2.

The defendants herein are:

a.  Harry Lee, in his official capacity as the Sheriff of Jefferson Parish, Louisiana, who upon information and belief is a person of the full age of majority, residing and domiciled in the Eastern District of Louisiana;

b.  Deputy Tim Stierwald, a deputy sheriff employed by the Jefferson Parish Sheriff's Department, who upon information and belief is a person of the full age of majority, residing and domiciled in the Eastern District of Louisiana;

c.  Deputy John O'Brien, a deputy sheriff employed by the Jefferson Parish Sheriff's Department, who upon information and belief is a person of the full age of majority, residing and domiciled in the Eastern District of Louisiana;

d.  Sargent Ashcroft, a deputy sheriff employed by the Jefferson Parish Sheriff's Department, who upon information and belief is a person of the full age of majority, residing and domiciled in the Eastern District of Louisiana;

e.  Deputy S. Trapani, a deputy sheriff employed by the Jefferson Parish Sheriff's Department, who upon information and belief is a person of the full age of majority, residing and domiciled in the Eastern District of Louisiana;

f.  Deputy R. Marx, a deputy sheriff employed by the Jefferson Parish Sheriff's Department, who upon information and belief is a person of the full age of majority, residing and domiciled in the Eastern District of Louisiana;

g.  Deputy J. Heck, a deputy sheriff employed by the Jefferson Parish Sheriff's Department, who upon information and belief is a person of the full age of majority, residing and domiciled in the Eastern District of Louisiana;

h.  Deputy D. Diondolillo, a deputy sheriff employed by the Jefferson Parish Sheriff's Department, who upon information and belief is a person of the full age of majority, residing and domiciled in the Eastern District of Louisiana;

i.  Deputy J. Alvarado, a deputy sheriff employed by the Jefferson Parish Sheriff's Department, who upon information and belief is a

        person of the full age of majority, residing and domiciled in the Eastern District of Louisiana;

j.     Deputy R. Dykes, a deputy sheriff employed by the Jefferson Parish Sheriff's Department, who upon information and belief is a person of the full age of majority, residing and domiciled in the Eastern District of Louisiana;

k.     Deputy K. Richardson, a deputy sheriff employed by the Jefferson Parish Sheriff's Department, who upon information and belief is a person of the full age of majority, residing and domiciled in the Eastern District of Louisiana;

l.     Deputy S. Hartley, a deputy sheriff employed by the Jefferson Parish Sheriff's Department, who upon information and belief is a person of the full age of majority, residing and domiciled in the Eastern District of Louisiana;

m.     Deputy R. Miles, a deputy sheriff employed by the Jefferson Parish Sheriff's Department, who upon information and belief is a person of the full age of majority, residing and domiciled in the Eastern District of Louisiana; and,

n.     XYZ Insurance Company, upon information a domestic insurer or foreign insurer doing business in this State, and who may be sued in the Eastern District of Louisiana.

3.

Abdul S. Khan and Hajera T. Khan (the "plaintiffs"), are the natural parents of Nayeem Khan (the "decedent"). The decedent had no spouse or children and, therefore, plaintiffs have the right and capacity to bring this action seeking survival damages on his behalf pursuant to La.C.C. art.2315.1, and seeking wrongful death damages on their own behalf pursuant to La.C.C. art.2315.2.

4.

At all times relevant to this lawsuit, the decedent suffered from one or more mental illnesses which were known, or should have been known, by the defendants.

5.

On July 17, 2007, at approximately 7:30 p.m., the decedent was admitted to the East Jefferson Hospital for a mental evaluation and was released at approximately 8:35 p.m. At some subsequent point-in-time, the decedent went inside the Winn-Dixie store located at 211 Veterans Boulevard, Metairie, Louisiana. During this period of time, the decedent was suffering a psychosis, delusions, and/or a loss-of-reality, and was experiencing hallucinations.

6.

The defendant deputies were then dispatched to the scene by the Jefferson Parish Sheriff's Department, where, at approximately 11:43 p.m. [according to the defendants], they found the decedent inside the store with his wrists handcuffed in front of him. The decedent had apparently been handcuffed by an off-duty deputy of the Jefferson Parish Sheriff's Department.

7.

The defendant deputies observed that the decedent was crouched in a corner and screaming that people were after him trying to kill him.

8.

The defendant deputies then stood the decedent up and forced him out through the front doors. The deputies then picked the decedent's feet up off the ground and carried him out to the curb. The decedent continued to struggle in order to escape. At one or more times during this episode, the deputies severely beat the decedent and caused traumatic injuries to his torso and head. The deputies then cuffed the decedent's wrists behind his back and placed a "rip hobble" on the decedent's feet.

9.

The decedent went into respiratory arrest, with his eyes moving rapidly up-and-down, losing consciousness, breathing very shallowly, and then stopping breathing altogether.

10.

According to information provided by defendants, the defendants called an East Jefferson Hospital ambulance at approximately 11:59 p.m., the ambulance arrived at approximately 12:01 a.m., and the ambulance took the decedent to East Jefferson Hospital where he was pronounced dead at 1:34 a.m.

11.

At all relevant times, the defendants acted under color of state law. The defendants' negligently and/or intentionally violated the health, welfare, and Constitutional and other legal rights of the decedent in the following, non-exclusive regards:

- (A) The defendants used unnecessary and excessive force and physical violence to restrain, detain, and/or arrest the decedent;

- (B) The defendants falsely restrained, detained, and/or arrested the decedent without probable cause, warrant or other statutory authority;

- (C) The defendants wrongfully and unjustifiably beat the decedent and traumatized him physically and medically;

- (D) The defendants unlawfully restrained the decedent by hobbling his feet while his hands were cuffed behind his back;

- (E) The defendants knew, or should have known, that the decedent was suffering a mental illness and hallucinations;

- (F) The defendants knew, or should have known, that the decedent needed immediate medical treatment for his mental and physical conditions;

- (G) The defendants unreasonably delayed in obtaining outside or professional medical assistance for the decedent;

- (H) Upon information, the defendants did not have an adequate policy providing for the handling of mentally ill persons, and/or failed to enforce such policy, and/or violated such policy in the instant case;

- (I) The defendants failed to follow proper police procedures;

(J) Acting under color of state law in violating (i) decedent's Fourth Amendment Rights to be free from unreasonable seizure; (2) decedent's due process rights as guaranteed by the Fourteenth Amendment of the United States Constitution, and (3) decedent's right not to suffer cruel and unusual punishment, as provided in Eighth Amendment of the United States Constitution;

(K) The defendant deputies' failure to stop the other defendant deputies who were guilty of the aforementioned actions/inactions;

(L) By the aforementioned actions/inactions, causing the decedent to suffer pain, trauma, respiratory arrest, other system failures, and eventually death;

(M) Causing injury and damages for which the defendants are liable under Louisiana negligence law, including violations of La.C.C. art.2315 [delictual liability], La.C.C. art.2315.1 [liability for wrongful death], and La.C.C. art.2315.2 [liability for survival damages];

(N) Defendant Harry Lee and the Jefferson Parish Sheriff's Department were/are vicariously liable for the acts of its defendant deputies who were acting in the course and scope of their employment by Harry Lee and the Jefferson Parish Sheriff's Department;

(O) Defendant Harry Lee and the Jefferson Parish Sheriff's Department were/are independently negligent for failing to properly screen or hire the defendant deputies, for failing to properly train or reprimand the defendant deputies, for failing to adequately supervise the defendant deputies, for failing to enact or enforce a policy which would have reasonably prevented the incidents complained of herein, for failing to enact or enforce proper police procedures, and for such other actions or inactions as may be discovered or proven at trial; and,

(P) Such other acts of negligence or intentional tort as may be discovered and proven at trial.

12.

As a result of the acts and omissions of the defendants, your petitioners have been damaged, and the defendants are liable jointly and *in solido*, for the following:

a. For the wrongful death of Nayeem Khan;

b. For the pre-death physical and mental pain and suffering of Nayeem Khan;

c. For the petitioners own mental and emotional pain and suffering;

d. For the petitioners' loss of consortium with their son, Nayeem Khan;

e. For the petitioners' loss of services, love and affection, inheritances, and the incurring of funeral and burial expenses;

f. For compensatory damages pursuant to 42 U.S.C. §1983 and for attorney fees pursuant to 42 USC §1988;

g. For compensatory damages under pendant state law; and,

h. Upon information, because the defendant deputies acted maliciously, willfully and wantonly and with callous disregard for the Constitutional rights of the decedent, for punitive damages; and,

i. For such other injuries and damages as may be discovered and proven at trial.

14.

Upon information and belief, at all times pertinent the defendant XYZ Insurance Company had issued, and in full force and effect, a policy of insurance insuring the defendants for all acts complained of and for all damages owed to the plaintiffs.

15.

Petitioner further requests that this matter be tried before a jury.

**WHEREFORE,** claimants, Abdul Khan and Hajera T. Khan, Individually and on behalf of decedent, Nayeem Khan, pray that defendants be served with citation and petition, and after due proceedings had, including a trial by jury, that there be Judgment rendered herein in their favor and against defendants, *jointly, severally, and in solido,* in an amount deemed reasonable

by the trier of fact, for compensatory and punitive damages, plus interest, court costs, and attorneys fees and any and all other damages, legal and equitable, reasonable in the premises.

Respectfully submitted,

**PATRICK H. HUFFT (#17633)**
**Hufft & Hufft, P.L.C.**
635 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 522-9413
Facsimile: (504) 586-9945

**AUB A. WARD (#13228)**
**Naquin & Ward**
8034 Jefferson Hwy.
Baton Rouge, Louisiana 70809
Telephone: (225) 927-1907
Facsimile: (225) 927-1399
award@nwlaw.net