UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ABDUL KHAN AND SPOUSE | CIVIL ACTION NUMBER: 07-7272 SECTION: "A" (3) |
| VERSUS | JUDGE: |
| HARRY LEE, TIM STIERWALD, JOHN O'BRIEN, SGT. ASHCROFT, DEP. TRAPANI, DEP. MARX, DEP. HECK, DEP. DIONDOLILLO, DEP. ALVARADO, DEP. DYKES,: DEP. RICHARDSON, DEP. HARTLEY, AND DEP. MILES | MAGISTRATE: |

FILED:_____

_____
DEPUTY CLERK

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY

MAY IT PLEASE THE COURT:

The defendant, St Dr. Joseph Hauth, through undersigned counsel, submits this Memorandum in Support of its Motion to Compel Discovery to the plaintiffs, Abdul Khan and Spouse, respectfully represent the following:

I.

### INTRODUCTION – BACKGROUND

On June 3, 2009, defendant submitted Interrogatories and Request for Production of Documents to the plaintiffs, a copy of which is attached to the Motion to Compel Discovery filed.

To date, plaintiffs have failed to respond.

II.

## LAW AND ARGUMENT

The Louisiana Code of Civil Procedure provides the following, in Article 1469, relative to the failure of a party to respond to discovery:

> "A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery as follows:
>
> An application for an order to a party or a deponent who is not a party may be made to the court in which the action is pending.
>
> If a deponent fails to answer a question propounded or submitted under Articles 1437 or 1448, or a corporation or other entity fails to make a designation under Articles 1442 or 1448, or a party fails to answer an interrogatory submitted under Article 1461, fails to respond to that inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before he applies for an order.
>
> For purposes of this Subdivision an evasive or incomplete answer is to be treated as a failure to answer.
>
> If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.
>
> If the motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent

> who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.
>
> If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner".

The plaintiffs have failed to comply with the defendant's Interrogatories and Request for Production of Documents submitted pursuant to Article 1461 of the Louisiana Code of Civil Procedure.

Accordingly, the defendant respectfully submits that the plaintiffs, pursuant to Rule 1469 of the Louisiana Code of Civil Procedure, should be ordered to respond to the Interrogatories and Request for Production of Documents previously submitted, within the time designated by this Court, and that she be ordered to pay the reasonable expenses incurred in bringing this motion, including attorney's fees.

Respectfully Submitted:

_____
Walker Willard LLP
J. Michael Daly, Jr., Bar No. 19539
3939 North Causeway Blvd., Ste. 200\
Metairie, Louisiana 70002
Telephone: (504) 832-0999
Facsimile: (504) 836-7269
Attorneys for Dr. Joseph Hauth

## CERTIFICATE OF CONFERENCE

**NOW INTO COURT,** comes J. Michael Daly, Jr., counsel for defendant, who in accordance with Rule 10.1 of the Uniform District Court Rules, certified that I have conferred through correspondence and by telephone with opposing counsel for the purpose of amicably resolving this discovery dispute without the necessity of court intervention, but as of this date opposing counsel has not provided discovery responses; consequently, the parties have been unsuccessful in resolving this discovery dispute.

Date 7-10-09

J. MICHAEL DALY, JR.