FILED '09 JUL 27 15:32 USDC-LAE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ABDUL KAHN AND
SPOUSE

VERSUS

HARRY LEE, TIM STIERWALD,
JOHN O'BRIEN, SGT. ASHCROFT,
DEP. TRAPANI, DEP. MARX, DEP.
HECK, DEP. DIONDOLILLO,
DEP. ALVARADO, DEP. DYKES,
DEP. RICHARDSON, DEP. HARTLEY,
AND DEP. MILES

CIVIL ACTION
NUMBER: 07-7272
SECTION: "A" (3)

JUDGE:

MAGISTRATE:

FILED: _____          _____
                                        DEPUTY CLERK

## ANSWER TO ORIGINAL COMPLAINT, FIRST SUPPLEMENTAL AND AMENDING COMPLAINT AND SECOND SUPPLEMENTAL AND AMENDING COMPLAINT

NOW INTO COURT, through undersigned counsel, comes East Jefferson General Hospital defendant herein for the purpose of answering the Original Complaint and the First and Second Supplemental and Amending Complaint's filed herein by the plaintiffs, Abdul Khan and Spouse, individually and on behalf of decedent, Nayeem Kahn. Defendant answers as follows:

1.

With regard to Paragraph One (1) of Plaintiff's Original Complaint, defendant denies such for lack of sufficient information to justify a belief therein.

2.

With regard to Paragraph Two (2) and subparts a-o of Plaintiff's Original Complaint, defendant denies such for lack of sufficient information to justify a belief therein.

3.

With regard to Paragraph Three (3) of Plaintiff's Original Complaint, defendant denies such for lack of sufficient information to justify a belief therein.

4.

With regard to Paragraph Four (4) of Plaintiff's Original Complaint, defendant denies such for lack of sufficient information to justify a belief therein.

5.

With regard to Paragraph Five (5) of Plaintiff's Original Complaint, defendant denies such for lack of sufficient information to justify a belief therein.

6.

With regard to Paragraph Six (6) of Plaintiff's Original Complaint, defendant denies such for lack of sufficient information to justify a belief therein.

7.

With regard to Paragraph Seven (7) of Plaintiff's Original Complaint, defendant denies such for lack of sufficient information to justify a belief therein.

8.

With regard to Paragraph Eight (8) of Plaintiff's Original Complaint, defendant denies such for lack of sufficient information to justify a belief therein.

15.

With regard to Paragraph Fifteen (15) of Plaintiff's Original Complaint, defendant denies such for lack of sufficient information to justify a belief therein.

16.

With regard to Paragraph Sixteen (16) of Plaintiff's Original Complaint, defendant denies such for lack of sufficient information to justify a belief therein.

17.

With regard to Paragraph Seventeen (17) of Plaintiff's Original Complaint, defendant denies such for lack of sufficient information to justify a belief therein.

18.

With regard to Paragraph Eighteen (18) of Plaintiff's Original Complaint, defendant denies such for lack of sufficient information to justify a belief therein.

19.

With regard to Paragraph Nineteen (19) of Plaintiff's Original Complaint, defendant denies such for lack of sufficient information to justify a belief therein.

20.

With regard to Paragraph Twenty (20) of Plaintiff's Original Complaint, defendant denies such for lack of sufficient information to justify a belief therein.

21.

With regard to Paragraph Twenty One (21) of Plaintiff's Original Complaint, defendant denies such for lack of sufficient information to justify a belief therein.

22.

With regard to Paragraph Twenty Two (22) of Plaintiff's Original Complaint, defendant denies such for lack of sufficient information to justify a belief therein

23.

With regard to Paragraph Twenty Three (23) of Plaintiff's Original Complaint, defendant denies such for lack of sufficient information to justify a belief therein.

24.

With regard to Paragraph Twenty Four (24) of Plaintiff's Original Complaint, defendant denies such for lack of sufficient information to justify a belief therein.

25.

With regard to Paragraph Twenty Five (25) of Plaintiff's Original Complaint, defendant denies such for lack of sufficient information to justify a belief therein.

26.

With regard to Paragraph Twenty Six (26) of Plaintiff's Original Complaint, defendant denies such for lack of sufficient information to justify a belief therein.

27.

With regard to Paragraph Twenty Seven (27) of Plaintiff's Original Complaint, defendant denies such for lack of sufficient information to justify a belief therein.

28.

With regard to Paragraph Twenty Eight (28) of Plaintiff's Original Complaint, it requires no answer by these defendants. However, defendants deny in an abundance of caution the allegations set forth in plaintiffs Paragraph Twenty-Eight of their Original Complaint. Further, defendant East Jefferson General Hospital is a political subdivision of the State of Louisiana and as such La. R.S. 5105(a) prohibits a trial by jury.

## ANSWER TO FIRST SUPPLEMENTAL AND AMENDING COMPLAINT

1.

With regard to Paragraph One (1) of Plaintiff's First Amending and Supplemental Complaint, defendant denies such for lack of sufficient information to justify a belief therein.

2.

With regard to Paragraph Two (2) of Plaintiff's First Amending and Supplemental Complaint, defendant denies such for lack of sufficient information to justify a belief therein.

3.

With regard to Paragraph Three (3) of Plaintiff's First Amending and Supplemental Complaint, defendant denies such for lack of sufficient information to justify a belief therein.

4.

With regard to Paragraph Four (4) of Plaintiff's First Amending and Supplemental Complaint, defendant denies such for lack of sufficient information to justify a belief therein.

5.

With regard to Paragraph Five (5) of Plaintiff's First Amending and Supplemental Complaint, defendant denies such for lack of sufficient information to justify a belief therein.

6.

With regard to Paragraph Six (6) of Plaintiff's First Amending and Supplemental Complaint, defendant denies such for lack of sufficient information to justify a belief therein.

7.

With regard to Paragraph Seven (7) of Plaintiff's First Amending and Supplemental Complaint, defendant denies such for lack of sufficient information to justify a belief therein.

8.

With regard to Paragraph Eight (8) of Plaintiff's First Amending and Supplemental Complaint, defendant denies such for lack of sufficient information to justify a belief therein.

## ANSWER TO SECOND SUPPLEMENTAL AND AMENDING COMPLIANT

I.

With regard to Paragraph I of Plaintiffs' Seconds and Supplemental Amending Complaint, defendant admits section o. and p. but notes that East Jefferson General Hospital is a hospital service district.

II.

With regard to Paragraph II of Plaintiff's Second Amending and Supplemental Complaint, defendant denies such for lack of sufficient information to justify a belief therein.

5(A)

With regard to Paragraph Five A of Plaintiff's Second Amending and Supplemental Complaint, defendant denies such for lack of sufficient information to justify a belief therein.

5(B)

With regard to Paragraph Five B of Plaintiff's Second Amending and Supplemental Complaint, defendant denies such for lack of sufficient information to justify a belief therein.

5(C)

With regard to Paragraph Five C of Plaintiff's Second Amending and Supplemental Complaint, defendant denies such for lack of sufficient information to justify a belief therein.

5(D)

With regard to Paragraph Five D of Plaintiff's Second Amending and Supplemental Complaint, defendant denies such for lack of sufficient information to justify a belief therein.

5E

With regard to Paragraph Five E of Plaintiff's Second Amending and Supplemental Complaint, defendant denies such for lack of sufficient information to justify a belief therein.

16.

With regard to Paragraph Sixteen (16) of Plaintiff's Second and Amending Supplemental Complaint, defendant denies all allegations including allegations in subparts 1-7.

17.

With regard to Paragraph Seventeen (17) of Plaintiff's Second and Amending Supplemental Complaint, defendant denies all such allegations.

IV.

With regard to Paragraph IV of Plaintiff's Second and Amending Supplemental Complaint, defendant denies such all allegations.

**AFFIRMATIVE DEFENSES**

I.

Defendants are and were, at all relevant times, a qualified healthcare provider's within the meaning and intent of LSA-R.S. 40:1299.41, et. seq. with the result that the total amount recoverable herein may not exceed $500,000.00 plus interest and costs and that the amount recoverable against Defendant may not exceed the sum of $100,000.00 plus interest.

Furthermore, as qualified healthcare providers, all of plaintiff's claims against East Jefferson General Hospital proceeded to a Medical Review panel which unanimously found no breach in the applicable standard of care on behalf of all named defendants. Defendants submit

that absent proof, as required by law, to the contrary, defendants are entitled to dismissal of all claims against said defendant's, with full prejudice, and at plaintiff's cost.

II.

Defendants aver that at all relevant times its staff possessed that degree of knowledge and skill ordinarily possessed by healthcare providers licensed and practicing in the State of Louisiana and that the staff, at all relevant times, employed reasonable care and diligence along with their best judgment in the application of that skill and knowledge; and that the alleged injuries and damages described by Plaintiffs in their Petition was not caused by any failure on the part of the staff of East Jefferson General Hospital to meet the standards of care ordinarily practiced under similar circumstances.

III.

No lack of knowledge of skill or the failure to use the required standard of care on the part of the employees at East Jefferson General Hospital approximately caused the Plaintiffs to suffer the injuries or damages alleged in the Petition.

IV.

Defendant further pleads that under LSA-C.C.P. Article 2323, that the degree of percentage of fault of all persons or contributing to the Plaintiffs' injuries be determined, even if the other persons identity is not known or reasonably ascertainable and that the amount of damages recoverable, if any, be reduced in proportion to the degree or percentage of negligence attributed to any third party.

V.

In the alternative, Defendant affirmatively pleads that the alleged injuries and/or damages to Plaintiffs were caused by factors unrelated to the care and treatment afforded by the Defendant.

VI.

Defendant affirmatively avers that the alleged injuries or damages of the Plaintiffs are the result of natural causes, natural illness and/or other acts or events unrelated to the care and treatment provided by the Defendant and its employees, and for which such acts the Defendant is not responsible or liable.

VII.

Defendant affirmatively pleads that the Plaintiff was contributorily negligent; comparatively negligent and/or assumed the risk of his injuries and, therefore, such contributory negligence, comparative fault and/or assumption of the risk should bar or reduce its recovery.

VIII.

Defendant avers that the applicable law in this matter concerning alleged malpractice of the defendant's is Louisiana Law, and as such, defendant submits that under Louisiana law, the plaintiff is unable to carry their burden of proof and establish that plaintiff suffered damages and the actions of the defendant's caused the plaintiff's damages. As such, the defendants are entitled to dismissal in this matter, with full prejudice, plaintiff to bear all costs.

IX.

Furthermore, defendants submit that as a political subdivision of the State of Louisiana and as such La. R.S. 5105(a) prohibits a trial by jury.

**WHEREFORE**, the Defendants, East Jefferson General Hospital and Ricki Burns R.N., prays that this answer be deemed good and sufficient and, after due proceedings are had, there be judgment herein in favor of the Defendants and against the Plaintiffs, dismissing their claim with prejudice, at their costs. Defendants further pray for all general, legal, declaratory, and equitable relief as the justice of the case may require and as this Honorable Court may be competent to grant.

Respectfully submitted:

**Chehardy, Sherman, Ellis, Murray, Recile, Griffith, Stakelum & Hayes L.L.P.**

_/s/ Jacqueline Blankenship_
JACQUELINE BLANKENSHIP (20456)
REBECCA BECK (31619)
One Galleria Boulevard, Suite 1100
Metairie, Louisiana 70001
Telephone (504) 833-5600
Facsimile (504) 833-8080
Counsel for East Jefferson General Hospital and Ricki Burns, R.N.

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on counsel of record by placing same in the United States Mail, postage pre-paid and properly addressed this 27 day of July, 2009.

_/s/ Jacqueline Blankenship_