```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

ABDUL S. KHAN, ET AL.                          CIVIL ACTION

VERSUS                                         NO: 07-7272

SHERIFF HARRY LEE, ET AL.                      SECTION: "A" (3)

## ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 53)** filed by defendant Joseph Hauth, M.D.  Plaintiffs, Abdul S. Khan and Hajera T. Khan, oppose the motion.  The motion, set for hearing on October 14, 2009, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is DENIED.

## I. BACKGROUND

On July 17, 2007, Jefferson Parish deputies were dispatched to the Winn-Dixie store located at 211 Veterans Boulevard in Metairie, Louisiana.  Plaintiffs' son, Nayeem Kahn ("Nayeem"), was inside the store crouched in a corner screaming that people were after him trying to kill him.  Nayeem was suffering from psychosis, delusions, and/or a loss-of-reality, and was experiencing hallucinations.  (Comp. ¶ 5).  An off-duty deputy handcuffed Nayeem until the other officers arrived on the scene. (Id.).

The other officers stood Nayeem up, forced him through the front doors, and then picked his feet up to carry him out to the

curb as he continued to struggle in order to escape. (Comp. ¶ 8). Plaintiffs contend that during this episode the deputies severely beat Nayeem and then cuffed his wrists behind his back. (Id.). Nayeem went into respiratory arrest and an ambulance was called to the scene. The ambulance took Nayeem to East Jefferson General Hospital ("EGJH") where he was pronounced dead.

Earlier that same night at about 7:30 p.m., the police had brought Nayeem to the emergency room at EJGH because he was exhibiting "bizarre behavior" and "talking out of his head." (SSAC ¶ 5(A)). Doctors and staff of the hospital, including defendant Dr. Hauth, took a history from Khan and performed a basic physical examination. (Id. ¶ 5(B)). Ricky Burns, RN, a psychiatric nurse employed by EJGH, interviewed Nayeem and concluded that he had been drinking heavily that day but no toxicology exam was performed. Burns contacted Nayeem's parents who advised him that Nayeem had a history of mental illness and heavy drinking. (Id. ¶ 5(C)). Burns recommended that Nayeem be released to the care of his parents. At approximately 8:35 p.m. Dr. Hauth discharged Nayeem to his own care with instructions to avoid drugs and to return if he had any further problems. (Id. ¶ 5(D)). The incident at the Winn Dixie occurred later that night but the record does not suggest how much time elapsed between Nayeem's discharge at 8:35 p.m. and his arrest by the officers.

Plaintiffs, who are Nayeem's parents, filed suit against the officers and former Sheriff Harry Lee under federal and state law for the wrongful death of their son. Via their Second Supplemental and Amending Complaint, Plaintiffs added claims against Dr. Hauth, Ricky Burns, and EJGH under state law for medical malpractice and negligence.

Dr. Hauth now moves for summary judgment contending that Plaintiffs cannot prove medical malpractice because they have failed to retain a medical expert.

## II.  **DISCUSSION**

Dr. Hauth argues that without expert medical testimony Plaintiffs cannot carry their burden of proof under Louisiana law in a medical malpractice case. Dr. Hauth points out that the medical review panel found a lack of evidence to support the conclusion that Dr. Hauth, Burns, and EJGH failed to meet the applicable standard of care.

In opposition, Plaintiffs argue that under Louisiana law expert testimony is not required in a claim for medical malpractice where the physician does an obviously careless act from which a lay person can infer negligence. According to Plaintiffs, Nayeem had a known history of mental illness and heavy drinking and it was known that he used illicit narcotic drugs. Nayeem had been brought to the emergency room exhibiting "bizarre

3

behavior" and "talking out of his head" and he had been drinking heavily that day.  Nonetheless, Dr. Hauth discharged Nayeen to his own care.  Plaintiffs contend that a lay jury can infer negligence from these facts.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact."  TIG Ins. Co. v. Sedgwick James, 276 F.3d 754, 759 (5th Cir. 2002) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Id. (citing Anderson, 477 U.S. at 248).  The court must draw all justifiable inferences in favor of the non-moving party.  Id. (citing Anderson, 477 U.S. at 255).  Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial.  Id. (citing Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986)).  Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated

assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. Id. (citing SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993)).

La. R.S. § 9:2794 sets forth the burden of proof imposed upon the plaintiff in a medical malpractice claim. Pfiffner v. Correa, 643 So. 2d 1228, 1233 (La. 1994). The plaintiff must prove by a preponderance of the evidence:

> (1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians, dentists, optometrists, or chiropractic physicians licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians, dentists, optometrists, or chiropractic physicians within the involved medical specialty.
>
> (2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill.
>
> (3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.

La. Rev. Stat. Ann. § 9:2794 (2009); Pfiffner, 643 So. 2d at 133. In Pfiffner, the Louisiana Supreme Court recognized that the statute is silent as to whether an expert is necessary for a

5

plaintiff to meet his burden of proof. 643 So. 2d at 1233. The court then went on to hold that expert testimony is not *always* necessary for a medical malpractice plaintiff to meet his burden. Id. at 1234. In most cases, because of the complex medical and factual issues involved, a plaintiff will likely fail to sustain his burden of proving his claim under La. R.S. § 9:2794 without medical experts. Id. However, there are instances in which the medical and factual issues are such that a lay jury can perceive negligence in the charged physician's conduct as well as any expert can, or in which the defendant/physician testifies as to the standard of care and there is objective evidence which demonstrates a breach thereof. Pfiffner, 643 So. 2d at 1234.

The Court is not convinced that Dr. Hauth is entitled to judgment as a matter of law based on the showing made. The motion challenges Plaintiffs' case from the erroneous proposition that Plaintiffs cannot meet their evidentiary burden without an expert because the medical review panel found no breach of the applicable standard. As argued by Plaintiffs and as explained above, there are instances in which the medical and factual issues are such that a lay jury can infer negligence in the charged physician's conduct. Dr. Hauth's motion does not address this aspect of Louisiana law and he makes no attempt to explain why the medical issues in this case are of such a complex nature so as to require

expert testimony.  And the Court notes a glaring factual discrepancy in that the medical review panel was under the impression that Dr. Hauth "discharged [Kayeem] to his parents," (Def. Exh. A), but Plaintiffs contend that Kayeem was released to his own care.  Further, the record does not suggest how much time elapsed between Nayeem's discharge at 8:35 p.m. and his arrest by the officers, and this time element could prove crucial to the case.  Plaintiffs may bear the ultimate burden of proof at trial but Dr. Hauth bears the initial burden of proof on a motion for summary judgment and he simply has not met that burden.

Although the Court denies the motion for summary judgment the Court is not concluding that an expert is unnecessary under these facts and Plaintiffs should not interpret the Court's ruling as so holding.  Plaintiffs are bearing an enormous risk in taking this case to trial without the benefit of an expert.  Nevertheless, their decision to do so does not entitle Dr. Hauth to judgment as a matter of law at this juncture.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 53)** filed by defendant Joseph Hauth, M.D. is **DENIED.**

October 29, 2009

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE